IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TROY BAKER | § | |
| | § | |
| V. | § | CASE NO. 4:11-CV-00739 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**MEMORANDUM OPINION AND ORDER OF**
**UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title II of the Social Security Act on June 2, 2009, claiming entitlement to disability benefits due to neck, back, arm, and leg pain as well as obesity. Plaintiff's application was denied initially on December 31, 2009 and on reconsideration on April 9, 2010. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on December 2, 2010. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Russell B. Bowden, testified.

On April 5, 2011, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on September 17, 2011. Therefore, the April 5, 2011 decision of the ALJ became the final decision of the Commissioner for

purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since February 12, 2008, the alleged onset date (20 C.F.R. 404.1571 *et seq*).

3. The claimant has the following severe impairments: obesity, back disorders (20 C.F.R. 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 404.1567(a) except the claimant is precluded from climbing ropes, ladders, or scaffolds. The claimant is limited to only occasional stooping, kneeling, crouching, crawling, balancing, and reaching.

6. The claimant is capable of performing past relevant work as a shipping manager. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from February 12, 2008, through the date of his decision (20 C.F.R. 404.1520(f)).

(Tr. 17-21).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive

and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20

C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fourth step.

## **ANALYSIS**

Plaintiff contends in his first point of error that new and material evidence presented to the Appeals Council effectively dilutes the ALJ's RFC assessment. "When new evidence becomes available after the Secretary's decision and there is a reasonable probability that the new evidence would change the outcome of the decision, a remand is appropriate so that this new evidence can be considered." *Ripley v. Chater,* 67 F.3d 552, 555 (5th Cir. 1995). However, a remand is justified

only if the claimant makes "a showing of 'good cause' for failing to provide this evidence at the original proceedings." *Id.* Evidence is not material for purposes of a remand unless it "relates to the time period for which disability benefits were denied." *Id.* Furthermore, evidence is not material if it relates "to the deterioration of a previously non-disabling condition resulting after the period for which benefits are sought." *Id.* at 555 n. 14.

There are only two treatment notes submitted after the ALJ's decision. A review of the records would hardly disturb the result reached by the ALJ. On April 22, 2011, the notes indicate that Baker is managing LBP with current regimen. He denies any new problems and has no weakness and no loss of function (TR 520). Although the July 27, 2011 treatment notes indicate that Dr. Lopez felt that Baker was permanently disabled because of his chronic pain, such a conclusion is reserved for the Commissioner. The ALJ need not accord any special weight to a doctor's non-medical conclusion since matters of whether one is disabled are reserved to the Commissioner. *See Miller v. Barnhart*, 211 F.App'x 303, 304-05 (5th Cir. 2006). The studies reviewed by Dr. Lopez noted normal EMG for bilateral upper and lower limbs. The MRI of the right hip was essentially unremarkable and no spinal stenosis of thoracic spine (TR 483-494).

Although the MRI of the lumbar spine revealed some disc protrusion, this was before the ALJ. Nothing in the subsequent treatment records indicate any change in the Plaintiff's condition. Exhibit 16F is a fill-in-the-blank questionnaire provided by counsel to Doctor Lopez. The doctor restricts Plaintiff to much less activity than the ALJ found. However, the clinical assessment is founded on Plaintiff's complaints as to moderate to severe pain. The only other supporting test noted is the MRI, which the ALJ noted in his RFC assessment. If anything, the treatment records note no change in Plaintiff's condition. His diagnosis is possible cervical or thoracic neuritis and later

5

chronic pain syndrome. As the doctor noted, all EMGs were normal and the MRI of the thoracic spine was essentially normal. The other tests were available for the ALJ as noted. The Court finds that the new records submitted were not so material to warrant a remand. Plaintiff's first point of error is overruled.

Plaintiff next complains that the ALJ's credibility finding is not supported by substantial evidence. Plaintiff claims that the ALJ either picked or chose only the evidence he wanted to cite or took his statements out of context without giving full consideration. The ALJ recognizes that Plaintiff has pain, but he finds that the intensity, persistence and limiting effects are not credible. The ALJ thoroughly questioned Plaintiff on those factors which the agency considers relevant in determining pain and its effect. Plaintiff was asked about his daily activities, the location and duration of the pain, medication, treatment and measures he used to deal with his pain.

Whether pain is disabling is an issue for the ALJ, who has primary responsibility for resolving conflicts in the evidence. *See Carrier v. Sullivan*, 944 F.2d 243,247 (5th Cir. 1991). The ALJ's determination is entitled to considerable deference. *See Wren v. Sullivan*, 925 F.2d 123,128 (5th Cir. 1991). Subjective complaints of pain must also be corroborated by objective medical evidence. *See Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989).

The ALJ cited to Plaintiff's testimony as well as to Exhibit 6E. For instance, Plaintiff stated that he fixed breakfast, did some laundry, dusted, watched TV, played video games, watched movies, read a book, helped with dinner and bathed. He walked his pets and fed them. Personal care, other than bending to tie shoes, sometimes was unaffected. He did housework for two hours with breaks. He went outside once or twice a day. He drove and could go out alone. He could shop for groceries. He took care of his own personal finances. He also claimed to have limitations in a number of areas.

The ALJ also addressed the medical evidence in discrediting the severity of Plaintiff's symptoms. As noted by the ALJ, his medical reports and tests detracted from his complaints: X-rays of cervical spine show normal alignment and no significant degenerative changes; MRI showed disc herniation at C6-7. However, the EMG was essentially normal; no suggestion of cervical radiculopathy; claimant would not require surgical intervention; although PT suggested no evidence that Plaintiff followed through with PT; mild degenerative changes in cervical and lumbar spine x-rays; MRIs revealed mild degenerative changes in cervical and lumbar spine but noted impingement at L5-S1 and mild disc bulge at C6-7; claimant walked normally and had normal strength in hands; MRI of thoracic spine essentially normal (TR 19-20). Plaintiff's second point of error is overruled.

## **HOLDING**

Pursuant to the foregoing, the Court finds that the decision of the Administrative Law Judge should be **AFFIRMED.**

**SO ORDERED**.

**SIGNED this 13th day of September, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE